**Marie-Ann Greenberg, MAG-1284**
**Marie-Ann Greenberg, Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ  07004-1550**
**973-227-2840**
**Chapter 13 Standing Trustee**

IN RE:
GEORGE C. OKEREKE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Case No.:  18-27110VFP

HEARING DATE:  12/06/2018 at 10:00 am

**TRUSTEE'S OBJECTION TO MOTION TO REINSTATE CHAPTER 13 BANKRUPTCY**

      Marie-Ann Greenberg, the Chapter 13 Standing Trustee objects to the Motion to Reinstate in the instant matter.  The Bankruptcy Code does not contain a provision governing reinstatement of Title 11 cases. Instead, our Circuit and sister Circuits treat motions to reinstate as a request to vacate the order of dismissal. Thus, the rules and case law of F.R.C.P. 60 apply to the instant Motion.  *In re Lampman,* 494 B.R. 218, 222 (Bankr. M.D. Pa., 2013) (*citing numerous other cases*).  The party "who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R. Co.,* 379 F.2d 15, 17 (3d Cir. 1967).

> Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *In re Lampman,* 494 B.R. 218, 222-223 (Bankr. M.D. Pa., 2013).

- In reviewing debtor's certification none of the above grounds are specifically pleaded. It can be argued that only Rule 60(b)(1) and (b)(6) can be implied to this specific matter. In the case at hand a dismissal order was entered on October 24, 2018 when the debtor failed to provide the necessary documents to conduct a meaningful 341 examination. The Trustee's objection to confirmation can be found at docket #11 and is reiterated today. To date the documents required to conduct a 341 exam have not been provided. In order to reinstate a case the very reason for dismissal must be addressed and rectified, no such proffer has been made. Counsel must provide these documents at least 7 days prior to the return date of this motion.

It is for these reasons and any others the Court deems fit that the Motion to Reinstate should be denied.

Dated: November 06, 2018

By: /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee